Upon review of the competent evidence of record and having heard the oral arguments of counsel for both parties, the Full Commission is of the opinion that although plaintiff has been diagnosed with bilateral carpal tunnel syndrome which pre-existed and is unrelated to his admittedly compensable motor vehicle accident of July 15, 1993, plaintiff's bilateral carpal tunnel syndrome is not disabling. Plaintiff has not missed any time from work as a result of symptoms related to carpal tunnel syndrome and plaintiff has not incurred any medical expenses specially related to carpal tunnel syndrome. Plaintiff's carpal tunnel syndrome was diagnosed while he was being treated for the motor vehicle accident in 1994. Even though Dr. Yucson said in 1994 that plaintiff will require medical treatment at some point for his carpal tunnel syndrome and Dr. Rose said in 1994 that plaintiff needed to get this problem fixed, as of the date of hearing before the deputy commissioner on August 13, 1996, plaintiff had not and was not receiving any ongoing medical treatment for carpal tunnel syndrome.
Therefore, plaintiff's claim for compensation due to an occupational disease is prematurely filed because plaintiff has not suffered any disablement or incapacity to earn wages, as a result of his carpal tunnel syndrome. Plaintiff will have two (2) years from the date of disablement to file an occupational disease claim for his bilateral carpal tunnel syndrome.
IT IS THEREFORE ORDERED that the Opinion and Award of the deputy commissioner is VACATED and plaintiff's claim is DISMISSED as prematurely filed. This Order of dismissal shall not prejudice plaintiff's right to file an occupational disease claim for carpal tunnel syndrome in the future.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ______________________ RENÉE C. RIGGSBEE COMMISSIONER
S/ ______________________ LAURA K. MAVRETIC COMMISSIONER